### W. HENDRICKS ET AL. v. H. P. STONE AND J. W. HOUSE.

#### No. 3036.

1. **Trespass to Try Title— Common Source.** — When a plaintiff suing for the recovery of land desires to relieve himself from proving a chain of title connecting himself with the sovereignty of the soil by establishing it from a common source, he must not only show a title in himself originating in the common source, but he must also see that the evidence connects the defendant's claim of title with the same source.

2. **Same—Fact Case.**—Dagget sold the land in 1872 to the vendor of the plaintiff. While suit was pending for it the title of plaintiff was sold under execution for costs, and was bought by intervenors, who asserted their purchase by intervention. In 1878 Dagget bought the land at tax sales made by the city collector and by the collector of State and county taxes; sales made under assessment to unknown owner. Dagget conveyed this tax title to the defendants. These facts appearing did not show a common source, and the court properly charged the jury to find for the defendants.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*A. N. Stedman*, for appellants.— 1. In trespass to try title that party should recover who by the evidence adduced on the trial is shown to have the elder and superior title to the land in controversy under a common source of title. Koenigheim v. Miles, 67 Texas, 113; Stephens v. Hix, 38 Texas, 656; Keys v. Mason, 44 Texas, 142; Hobby's Land Law, sec. 16; Gaines v. New Orleans, 73 U. S., 642; 2 Greenl. on Ev., sec. 307; Sedg. & Wait on Tr. Title Land, sec. 803; 3 Wait's Act. and Def., pp. 16, 17; Bige. on Estop., 4 ed., p. 336, and note 1.

2. An outstanding title to be available must be shown to be present, subsisting, and operative. A title offered as such must be shown to be an outstanding title, especially where the terms of the grant leave it ambiguous who the grantees are. Sellman v. Hardin, 58 Texas, 86; Greenleaf v. Brith, 6 Pet., 302; Doswell v. Lanzo, 20 How., 29; Jackson v. Hudson, 3 Johns., 375; Jackson v. Todd, 6 Johns., 257; Foster v. Joice, 3 Wash., 498; McDonald v. Schneider, 27 Mo., 405; Sedg. & Wait on Tr. Title Land, sec. 831.

*James C. Scott*, for appellees.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, commenced by H. P. Stone against J. W. House and wife.

At the Fall Term, 1882, of the District Court a judgment was rendered in favor of Stone, which, upon appeal by House to this court, was reversed and the cause was remanded.

Before there were any further proceedings had in the District Court the interest of Stone in the land was levied upon and sold and deeded to Hendricks, the appellant in this cause, by virtue of an execution issued out of this court upon the judgment for costs rendered against Stone on the hearing of the first appeal.

Hendricks conveyed an interest in the land to his coappellant Johnson, and they intervened in the District Court, claiming a recovery of the land against both the plaintiff and the defendants.

The defendants pleaded not guilty and improvements in good faith.

The evidence of title introduced was as follows:

1. A deed from E. M. Daggett to E. B. Brown, dated the 27th day of October, 1872.

2. A deed from E. B. Brown to H. P. Stone, the plaintiff.

3. A deed from the tax collector of the city of Fort Worth to E. M. Daggett, dated April 6, 1878, conveying the property as assessed to an unknown owner.

4. A deed from the tax collector of Tarrant County to E. M. Daggett, dated May 10, 1878, as property assessed to an unknown owner.

5. A deed from E. M. Daggett to Fannie W. House (one of the original defendants), conveying to her the interest acquired by said Daggett through the above mentioned tax deeds.

6. The intervenors proved their sheriff's title.

7. A patent from the State of Texas to John Childress, dated the 17th day of June, 1868.

The court instructed the jury to find for the defendants.

This appeal is prosecuted by the intervenors.

They contend that the evidence showed that E. M. Daggett was the common source of title of all parties and that they showed the better title under him.

The vice in this proposition is in the assertion that the evidence shows that E. M. Daggett is the common source of all the titles within the meaning of the law that dispenses with proof of title in or beyond a common source.

The title claimed by plaintiff had its source, so far as the record in this cause speaks, in said Daggett, while the title claimed by the defendants had its source in tax deeds conveying the property as that of an unknown owner. When a plaintiff, suing for the recovery of land, desires to relieve himself from proving a chain of title connecting himself with the sovereignty of the soil by establishing it from a common source, he must

not only show a title in himself originating in the common source, but he must also see that the evidence connects the defendant's claim of title with the same source.

Unless he is relieved from connecting his title with the sovereignty of the soil by evidence that connects both chains of title with a common source, the plaintiff must trace his title to the government.

If the evidence had developed that E. M. Daggett was the common source of title and that intervenors held the superior title from that source, it would not then have been necessary for them to prove any title in E. M. Daggett; nor could their recovery have been then defeated by evidence that the land had been patented to John Childress.

To overcome the evidence of title from the common source it would have become necessary to show how the Childress title defeated or was superior to the title claimed under the common source.

As there was no evidence of common source, the Childress patent was properly admitted as evidence of outstanding title.

The tax titles and evidence offered in connection with them were insufficient to prove title.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered October 21, 1890.

Motion for rehearing refused.