DAWSON v. FALFURRIAS STATE BANK.*
(No. 5526.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1915. Rehearing Denied Jan. 10, 1916.)

1. APPEAL AND ERROR ☞1011 — REVIEW — FINDING.

Where the evidence was conflicting, a finding by the court will be upheld.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. ☞1011.].

2. ATTACHMENT ☞375—WRONGFUL ATTACHMENT—DAMAGES.

Where plaintiff attached defendant's property, defendant cannot for wrongful attachment recover damages for the loss of an advantageous sale, having later made a sale at the same price.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1378–1385, 1387, 1393, 1394, 1398, 1399; Dec. Dig. ☞375.]

3. TENDER ☞12—SUFFICIENCY.

Where the holder of a note providing for attorney's fees instituted suit thereon, a tender of the principal and interest due, but without the attorney's fees or accrued costs, is insufficient.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 21–28; Dec. Dig. ☞12.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

**4. Appeal and Error ⊸759—Assignments of Error—Sufficiency.**

Assignments of error in the brief, which are not substantial copies of those set forth in the motion for new trial, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ⊸759.]

Appeal from District Court, Brooks County; W. B. Hopkins, Judge.

Action by the Falfurrias State Bank against J. F. Dawson. From a judgment for plaintiff, defendant appeals. Affirmed.

B. L. King, of Kenedy, for appellant. Jno. C. North, of Falfurrias, for appellee.

CARL, J. Appellee sued appellant on a demand note for $1,570, interest and attorney's fees, the date of the note being January 5, 1914. Appellant was arranging to buy some horses and mules, and his theory is that he gave the demand note to cover his check given for the purchase money of this stock, and that they were to readjust and close the matter by his executing a chattel mortgage on 50 head of cattle he then owned to secure the loan, which was to be made to fall due January 5, 1915.

Appellee's theory is that he gave the demand note to cover his check, but with the distinct understanding that he was to give a mortgage on the stock purchased thereby to secure the same, and in addition was to include in the mortgage 50 head of cattle as a margin. This Dawson refused to do, but did offer to include 31 head of cattle which the bank refused, and brought suit and attached his property. The cause was tried by the court without a jury, and judgment was for the plaintiff, and against appellant on his cross-action for damages by reason of the alleged wrongful suing out of the attachment.

[1] The evidence is conflicting as to what security the bank was to have. There is no dispute that the demand note was given to cover the overdraft made by the check given by appellant in the purchase of the stock; but his contention is that he was to give a mortgage on certain cattle, while the bank contends that he was to give a mortgage on the stock he purchased as soon as he could brand same, and on 50 head of cattle in addition as a margin. Scott swore this was the understanding, and Dawson swore to a different agreement. The evidence was heard by the trial court, and that court's finding would be conclusive upon us especially where there is ample testimony upon which to base said finding. That Dawson owed the money represented by the note is not denied, and the theory of the bank is that he agreed to secure the loan with certain property and then failed to do this. The demand note was merely temporarily to cover the amount of money furnished, and then they differed as to what was to be given as collateral security. The year's loan was not consum-

mated because of this difference, but Dawson did owe the debt due on demand. The court has found against his theory, which is conclusive because it was an issue and there was evidence to support the court's finding. The first assignment is overruled.

[2] The second assignment complains that the court erred in refusing to grant the motion for a new trial because, as stated, the uncontradicted evidence shows that the defendant was deprived of a sale of a pair of the mules for $225, on which he would have made a profit which he claimed as damages; but he said himself that he had sold these mules at $225, and another pair at $250. So he could not have been injured. Appellant says in this assignment that he would have said, if he had been permitted to testify on that point, that the cash value of the mules was only $150, and the difference between that figure and V. Crocker's offer of $225 is what he claimed to have been damaged by reason of the attachment of this pair of mules. But since he did sell the mules for the same he says Crocker would have paid, he is not injured. If, in fact, the mules were only worth $150, then the man who bought them is the one to complain, it occurs to us. The assignment is overruled.

[3] After suit was filed, the appellant tendered the principal and interest due, but did not tender attorney's fees provided in the note, nor the accrued costs. This was not a sufficient tender under the facts in this case.

[4] The other assignments will not be considered, because those presented in the brief are not in compliance with the rules, and are not substantial copies of those set forth in the motion for new trial.

The judgment is affirmed.