TUCKER v. McCULLOUGH.   (No. 2061.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 20, 1919.)

1. APPEAL AND ERROR ⬥⟶1011(1)—REVIEW—
FINDINGS—CONFLICTING EVIDENCE.

Court's finding on conflicting evidence will
not be disturbed on appeal, though mere pre-
ponderance of the evidence points to a different
conclusion.

2. VENDOR AND PURCHASER ⬥⟶170—TENDER
—COMPLIANCE WITH CONTRACT.

When purchaser tendered less than the con-
sideration named upon the assumption that
there was a shortage, he made such deduction
at his peril, even if contract did give him the
right to make deduction for shortage.

3. VENDOR AND PURCHASER ⬥⟶185—PERFORM-
ANCE—TENDER.

Where contract provided that it should be-
come void upon purchaser's failure to perform
within certain date, vendor was not required
to make conveyance where purchaser tendered
less than the full consideration during such pe-
riod, though after expiration of period the full
consideration was tendered.

Appeal from District Court, Red River
County; H. H. Denton, Judge.

Action by J. T. Tucker against George
McCullough. Judgment for defendant, and
plaintiff appeals. Affirmed.

Moore & Hardison, of Paris, for appellant.
Lennox & Lennox, of Clarksville, for ap-
pellee.

HODGES, J. The appellant sued the ap-
pellee to recover damages resulting from an
alleged breach of a contract to convey land.
In a trial before the court without a jury a
judgment was rendered in favor of the de-
fendant.

The court filed findings of fact, of which
the following is the substance: On January
11, 1917, the parties to the suit entered into
a written contract by the terms of which
McCullough agreed to sell to Tucker his
farm, consisting of 137 acres near Clarks-
ville, in Red River county, on the basis of
$70 per acre. There was also included in
this sale some stock and farming implements
at a specified additional consideration. The
aggregate price of all the property was
$10,590. Tucker agreed to purchase the
property at the price named, and to give in
part payment his home in Clarksville at an
agreed value of $7,020; the remainder,
$3,570, was to be paid by him in cash.
Each party was to furnish the other with a
complete abstract of title down to the date
of the contract. It was also agreed between
the parties that Tucker's contract to pur-
chase was conditioned upon his being able to
borrow the sum of $5,500, upon terms named,
from D. H. Scott & Son of Paris, Tex., with
the 137 acres as security therefor. It was
agreed that if Tucker failed to secure the
loan from Scott & Son, or from any other
person, by January 15th, the contract was
to become void. Another stipulation, how-
ever, was added, which provided that if from
any cause Tucker could not secure the loan
from Scott & Son he was to have until the
1st of February following to procure a loan
from some other source. The contract was
reduced to writing by D. A. Parker, the
agent of Scott & Son at Clarksville, Tex.
In pursuance of that agreement McCullough
furnished the abstract of title, which was
examined by Scott & Son, and returned by
them with the statement that the title was
satisfactory, but they desired that one of the
tracts of land be surveyed in order to make
the field notes more definite. On January
15th McCullough called at the office of Park-
er in Clarksville for the purpose of complet-
ing the trade, provided Tucker's abstract to
his city property proved to be good. He
was then informed by Parker that Scott &
Son were satisfied with the title and were
ready to make the loan to Tucker, but de-
sired a survey of a 32-acre tract in order to
make the field notes more definite. Accord-
ing to the findings of the court based upon
the testimony of McCullough, he made no
agreement for a survey, but demanded a per-
formance of the contract according to its
terms. On January 21st McCullough noti-
fied Tucker, through Parker, that he consid-
ered their negotiations at an end, and de-
manded the surrender of his abstract and
title papers. On January 27th the county
surveyor, at the instance of Tucker, and
without the knowledge of McCullough, made
a survey of McCullough's land, and found a
shortage of 8¼ acres; and on January 30,
1917, through Parker, tendered McCullough
a warranty deed, signed by himself and wife
to his town property, and the sum of $2,992.-
50 in cash in full payment of McCullough's
property, and demanded a conveyance of the
farm, claiming credit for the shortage of 8¼
acres. This offer was refused by McCul-
lough, for the reason that the contract had
by its terms expired on January 15th, and
for the further reason that the sum of mon-
ey tendered was not the full amount due
under the contract. He denied that there
was a shortage in the land as claimed by
Tucker. There was no abstract of title
tendered at that time by Tucker of his home-
stead property in the city. That property
was then incumbered by a lien to secure the
sum of $2,000. The court finds, however,
that it was the purpose of Tucker to use the
money secured from Scott & Son to pay off
this lien, but at that time this had not been
done. The court further finds that by sur-
veys thereafter made there was no shortage

in the acreage of McCullough's land, and that the sum tendered by Tucker at the time above mentioned was not the full amount agreed upon as the purchase price. On February 8th, the day on which this suit was filed, Tucker proposed to waive the shortage claimed by him and to pay the full amount of the purchase price according to the original agreement. This offer was refused by McCullough.

The court concluded that under the circumstances time was the essence of the contract, and that McCullough had a right to treat the negotiations as at an end. The record shows that the cash market value of the land at the time the tender was made by Tucker was $85 per acre, and at the time of the trial was $100 per acre.

[1] Under the first assignment of error the appellant contends that the court erred in finding that on the 15th day of January McCullough did not agree to have the 32-acre tract of land surveyed in order to comply with the requirements of Scott & Son. It is true that there was ample evidence to support a finding that McCullough, when informed of the requirement of Scott & Son, did agree to thereafter have the 32-acre tract surveyed. The testimony showed that McCullough did within a few days thereafter employ a surveyor and have the land surveyed. But according to his testimony, when the matter of surveying the land was first mentioned to him by Parker, Tucker was not present, and no agreement was made. He further testified that he did thereafter have the land surveyed in order to satisfy himself as to the distance he would have to go upon an adjoining tract of land to get the amount called for in his deed. The court had a right to settle the conflict in the evidence in the manner he did; and we cannot say, as a matter of law, that he erred. The fact that the mere preponderance of the evidence points to a different conclusion is not sufficient to warrant this court in setting aside a finding made by the trial court.

[2, 3] It is also contended that the conclusion of law arrived at by the court was not warranted by the facts. It appears that the parties had named their terms very specifically, and had also named the time within which the conditions upon which the contract was to be finally consummated should be performed. It devolved upon Tucker, before he could demand a conveyance from McCullough, to tender the full amount of the consideration which he had bound himself to pay. When he offered less than the aggregate value of the land, upon the assumption that there was a shortage, he made that deduction at his peril, even if under the terms of the contract he had a right to make such a deduction in the event of a shortage. Under the findings of the court, according to

the surveys thereafter made there was no shortage, and McCullough had a right to claim every dollar which his contract called for. Moreover, it appears from the findings of the court that at the time Tucker first made that tender he had not presented the abstract of title which he had bound himself to furnish, showing that he had a clear title to his property to be taken in part payment. It is true that after the expiration of the last date named in the contract as the limit of the time allowed Tucker did tender the full amount which he agreed to pay, and offered to waive any shortage of the land, but that was too late. The record shows that the value of the land was increasing, and he had no right to claim a privilege which his contract did not accord.

We have carefully examined all of the assignments of error, and conclude that the judgment should be affirmed; and it is so ordered.