## PRESCOTT v. WILLIAMS.

### No. 2864.

Court of Civil Appeals of Texas. Waco.
Sept. 22, 1949.

Mudgett & Mudgett, Bryan, for appellant.

W. T. McDonald, Bryan, for appellee.

TIREY, Justice.

This is a suit (non jury) in trespass to try title. The court found against plaintiff and entered a "take nothing" judgment against him. The defendant did not ask for any affirmative relief and none was given him. At the request of plaintiff the court made and filed the following findings of fact and conclusions of law:

"Findings of Fact

"1. I find from a preponderance of the evidence that plaintiff, claiming title under the three-year statutes of limitation, did not allege and prove regular chain of title from and under sovereignty of the soil. Plaintiff claimed title under a deed from

Mrs. Annie Templeman to him, executed in August 1943, but nowhere does plaintiff show any deed or deeds prior to the Templeman deed.

"2. I find from a preponderance of the evidence that plaintiff, claiming title under the five-year statutes of limitation, Article 5509, did not allege and prove:

"(a) A deed duly registered for a period of five years; the only deed introduced in the evidence in this case by plaintiff being the one to him from Mrs. Annie Templeman which was recorded in the month of May, 1945;

"(b) Payment of taxes on said property in question in succession and before delinquency; plaintiff showed by the testimony of I. M. Weedon, Tax Assessor-Collector of Brazos County, Texas, that he paid delinquent taxes on the property in question for the years 1934, 1935, 1936, 1937, 1938, 1939, 1940, 1941, 1942 and 1944, on the 30th day of September 1948.

"(c) Exclusive and adverse possession for a period of time sufficient to establish title by limitation under any of the statutes of limitation that he relies upon for title;

"3. I find as an undisputed fact that defendant had held and claimed, occupied, used and enjoyed said land and premises for a period of time of approximately twenty-one (21) years under deeds from W. H. Brown and D. D. Greer to defendant and under a deed from The First National Bank of Navasota to defendant, duly registered.

"Conclusions of Law

"1. The facts which a litigant must plead and prove to establish title under the Three Year Statute of Limitations, Article 5507, are a title deraigned from and under the sovereignty of the soil.

"2. The facts which a litigant must plead and prove to establish title under the Five Year Statute of Limitations, Article 5509, among other things are: (1) payment of taxes successively for a period of five years before delinquency; (2) a deed duly registered for a period of five years, the period of limitation being construed as beginning to run from the recording date of the deed under which the person claims.

"3. The facts which a litigant must plead and prove to establish title under the Five Year Statute of Limitations, Article 5509, among other things are actual, visible, notorious, distinct and hostile possession.

"The Plaintiff has failed to supply facts as outlined above, and the Court concludes as a matter of law, that the Plaintiff is not entitled to any recovery in this suit; hence, judgment is entered that he Take Nothing. Since defendant sought no affirmative relief in his prayer, other than to pray for general relief, he is granted none."

Appellant's second point is: "The court erred in concluding as a matter of law that since plaintiff failed to prove the limitation title specially pled by him, he was not entitled to any recovery in this suit." We overrule this contention. We have carefully reviewed the statement of facts and find the testimony tendered ample to sustain the findings of the trial court. Moreover, the only evidence tendered as to limitation or adverse claim on plaintiff's behalf was to the effect that he had used the land for the purpose of grazing his livestock. The deed on which plaintiff relied to show title was executed August 17, 1943, but was not recorded until May 11, 1945. The fence that plaintiff placed around the property consisted only of one strand of wire.

It is well settled in Texas that "When a plaintiff, suing for the recovery of land, desires to relieve himself from proving a chain of title connecting himself with the sovereignty of the soil by establishing it from a common source, he must not only show a title in himself, originating in the common source, but he must also see that the evidence connects the defendant's claim of title with the same source. Unless he is relieved from connecting his title with the sovereignty of the soil, by evidence that connects both chains of title with a common source, the plaintiff must tract his title to the government." See Hendricks v. Stone, 78 Tex. 358, 14 S.W. 570; Hollingsworth v. Flint, 101 U.S. 591, 25 L.Ed. 1028. Plain-

292

tiff's evidence wholly failed to meet this test. See also Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139, opinion by Chief Justice Phillips; 2 Tex.Jur. pp. 231, 244 for collation of authorities. Moreover, it is obvious under the findings of fact and undisputed evidence as to adverse possession, that plaintiff could not recover under our three-year statute of limitation as embraced in Articles 5507 and 5508, Revised Civil Statutes, because adverse possession was an indispensable element in his chain of title by limitation under the foregoing statutes. See Texas Life Ins. Co. v. Goldberg, Tex.Civ.App., 165 S.W.2d 790, points 6 and 7, p. 793; 2 Tex.Jur., "Adverse Possession", pp. 283, 287, secs. 155 and 157, and authorities there collated. In order for the plaintiff to prevail he had the burden of showing title in himself. Baumgarten v. Frost, 143 Tex. 533, 186 S.W.2d 982, points 19 and 20 page 987, 159 A.L.R. 428. Again, it is well settled that plaintiff must recover on the strength of his own title and not on the weakness of the title of his adversary. See opinion of this court in Wright v. Dabbs, Tex.Civ.App., 220 S.W.2d 681, points 1 and 2, and for collation of authorities.

█ It is equally obvious that the plaintiff failed to carry his burden of showing title under our five-year statute of limitation (Article 5509, Revised Civil Statutes) by reason of the facts found by the trial court hereinabove set out. See West Production Co. v. Kahanek, 132 Tex. 153, 121 S.W.2d 328, op. adopted; Old National Life Ins. Co. v. Jerusalem Lodge No. 67, Free & Accepted Masons, Tex.Civ.App., 192 S.W.2d 921, see page 928 for collation of authorities discussing adverse possession under the above statute.

Appellant's first point is: "The court erred in finding as an undisputed fact that defendant had held and claimed, occupied, and used and enjoyed said land and premises for a period of time of approximately twenty-one (21) years under deeds from W. H. Brown and D. D. Greer to defendant and under a deed from the First National Bank of Navasota to defendant, duly registered." Since appellant wholly failed to discharge the burden legally required of him to show title in the premises, and since

the court entered a "take nothing" judgment only against plaintiff and gave defendant no affirmative relief, point 1 passes out of the case. No other errors are assigned.

Finding no reversible error, the judgment of the trial court is affirmed.