**L. C. CUNNINGHAM, Appellant,**

**v.**

**Louis R. DEIST, Appellee.**

**No. 12934.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

Rehearing Denied Jan. 25, 1956.

Vaughan & Vaughan, San Antonio, for appellant.

Roger S. Lightsey, Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by L. C. Cunningham against Louis R. Deist in the nature of a trespass to try title suit for the recovery of title and possession of Lot 14, Block 31, New City Block 3299, in the City of San Antonio, and known as 111 Rigsby Street, San Antonio, Bexar County, Texas.

The trial was to the court without the intervention of a jury and resulted in judgment for the defendant, and plaintiff, L. C. Cunningham, has prosecuted this appeal.

The trial court properly rendered judgment for appellee when appellant rested his case, because he had neither established title in himself from the sovereignty of the soil nor from an established common source of himself and appellee, and it appeared that appellee was in actual physical possession of the property.

The statement of facts consists of nine pages and one exhibit. The nine pages contain the oral testimony of appellant, L. C. Cunningham, and the exhibit is an alleged unrecorded deed from Fannie Cunningham, a feme sole, to Louis C. Cunningham. Neither side plead a common source of title. Appellee did demand of appellant an abstract of title, which he filed, and in which he stated that Fannie Cunningham was the common source of title, and attached to this abstract of title was the alleged unrecorded deed from Fannie Cunningham to Louis C. Cunningham. Afterward appellant filed an amendment and supplement of his abstract of title, in which he set forth that appellee was claiming under a warranty deed dated January 8, 1952, from Fannie Cunningham to Willie Deist, and a warranty deed dated October 7, 1952, from Willie Deist and husband L. R. Deist, to Louis R. Deist. No abstract of title was demanded of appellee and he filed none.

■ This being a trespass to try title suit, the appellee's plea of "not guilty" was sufficient to place the burden of proof upon appellant of either tracing his title to the sovereignty of the soil or to an established common source. Stroud v. Springfield, 28 Tex. 649; Goode v. Davis, Tex.Civ.App., 135 S.W.2d 285.

■ Rule 798, Texas Rules of Civil Procedure provides that a common source of title may be made by a plaintiff by introducing in evidence certified copies of the deeds showing a chain of title to the defendant emanating from and under such common source. This the appellant did not do. There was no pleading by either party of a common source nor was there a stipulation as to a common source. The abstract of title and its supplement did not establish a common source. The abstract of title was a self-serving declaration of appellant, which could not have been introduced in evidence by the party filing it. Wichita Land & Cattle Co. v. Ward, 1 Tex.Civ.App. 307, 21 S.W. 128. Appellee was admittedly in possession of the lot, and the burden was on appellant to present prima facie proof of his title. 41–A Tex.Jur. 547, § 30, and p. 618, § 95.

■ Appellant failed to deraign title from the sovereignty of the soil or to prove a common source and the trial court properly found for appellee. Prescott v. Williams, Tex.Civ.App., 223 S.W.2d 290; Coleman v. Littles, Tex.Civ.App., 214 S.W.2d 678; Smith v. Little, Tex.Civ.App., 217 S.W.2d 881; Hovel v. Kaufman, Tex.Com. App., 280 S.W. 185; Jones v. Parker, Tex. Civ.App., 193 S.W.2d 863; Starkey v. McNay, Tex.Civ.App., 103 S.W.2d 1051.

The judgment is affirmed.