Lew D. FRENCH, Jr., et al., Appellants,

v.

James D. MAY, Appellee.

No. 727.

Court of Civil Appeals of Texas,
Corpus Christi.

July 31, 1972.

Rehearing Denied Sept. 7, 1972.

Pollan & Nicholson, John T. Nicholson, Rosenberg, for appellants.

DeLange, Hudspeth, Pitman & Katz, M. Marvin Katz, Houston, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment wherein the plaintiff recovered a certain sum of money from the defendant, and title to and possession of realty was vested and quieted in third party defendants, who were brought into the case by the original defendant and third party plaintiff by virtue of pleadings in the nature of trespass to try title. The validity of the foreclosure of each of two deeds of trust is also presented by the appeal. The realty in controversy is a commercial lot situated in the City of El Campo, Wharton County, Texas.

James D. May, as plaintiff, on December 16, 1970, filed suit against Lew D. French, Jr. and Jesse D. Hunt, as defendants, to recover the balance due on a second lien note executed by them as part of the purchase price for a parcel of land; for interest, delinquent taxes and trustee's expenses which plaintiff alleged that he paid for the defendants on a first lien note for said property, originally executed by him and assumed by the defendants; and for damages for the conversion of certain personal property located on said parcel of land.

On May 20, 1971, the defendant Lew D. French, Jr., as third party plaintiff, filed a

third party action against Bill Humphrey, Trustee, Mrs. Avis Jones, Harvey Jaksch and Ray Allen Jaksch, to recover the title and possession of the land involved and the rental value thereof for the time that possession of same had been withheld from him.

After a trial before the court without a jury, judgment was entered (a) that plaintiff James D. May recover $5,154.89, together with interest, from the defendant French; (b) that plaintiff James D. May take nothing against the defendant Hunt; (c) that the third party plaintiff French take nothing against the third party defendants Bill Humphrey, Trustee, Harvey Jaksch, Ray Allen Jaksch and Mrs. Avis Jones; (d) that the fee simple title and possession of the premises is vested and quieted in Harvey Jaksch and Ray Allen Jaksch, subject only to the lien held by Mrs. Avis Jones; (e) that the trustee's deed from Geo. P. Willis, III, Trustee, to James D. May is void; (f) that all relief not expressly granted was denied; and (g) that all costs be taxed against French.

Lew D. French, Jr., hereinafter called appellant has appealed those portions of the judgment that are summarized in clauses (a), (c), (d), (f) and (g) in the paragraph immediately preceding this paragraph. Harvey Jaksch and Ray Allen Jaksch are hereinafter called appellees, third party defendants, and sometimes "Jaksch".

Findings of fact and conclusions of law were filed by the trial court. Appellant does not attack any fact finding in his brief by a point of error. He does, however, complain of some of the conclusions of law and of certain portions of the judgment that was entered.

The property in controversy was conveyed by Mrs. Avis Jones to appellee May, by deed dated July 25, 1969. Part of the consideration paid for said land was the execution by May of his promissory note in the original principal sum of $25,000.00, payable to Mrs. Jones, bearing interest at the rate of 7% per annum, and payable in 5 annual installments of $5,000.00 each, plus accrued interest, the first installment becoming due and payable on July 28, 1970. Said note contained the usual default, acceleration, and attorney's fees clauses; it was secured by the vendor's lien retained in the aforesaid deed, and by a deed of trust of even date therewith, executed by May to Bill Humphrey, Trustee, covering said property.

Thereafter, by deed dated October 27, 1969, James D. May conveyed said property to appellant Lew D. French, Jr. and Jesse D. Hunt for $31,000.00, payable as follows: (a) $1,500.00 in cash; (b) the execution by appellant and Hunt of a note dated October 18, 1969, in the original principal sum of $4,500.00, payable to James D. May in quarterly installments of $1,125.00 each, plus interest at the rate of 8½% per annum, the first installment becoming due on February 15, 1970. Said note contained the usual default, acceleration and attorney's fees clauses, and was secured by the vendor's lien retained in the deed, and by a deed of trust of even date therewith, executed by the makers to Geo. P. Willis, III, Trustee, covering said property, but which liens were made secondary to the liens then outstanding in favor of Mrs. Jones; (c) the assumption by appellant and Hunt of the first lien note in the sum of $25,000.00, already mentioned and described.

Neither French nor Hunt paid the first installment of principal or accrued interest, to Mrs. Jones on the $25,000.00 note when the same became due on July 28, 1970, but wholly made default thereon. Shortly thereafter, Mrs. Jones accelerated the maturity of said note, as permitted therein, and called upon and requested the named trustee, Bill Humphrey, to enforce the first lien deed of trust securing the payment thereof, and to conduct a forelosure sale pursuant to the terms of the deed of trust.

After such default and the acceleration of the maturity of said note, but prior to the trustee's sale of said property, May

paid to Mrs. Jones the accrued interest due on the note, as well as taxes that were then delinquent on the land.

On September 1, 1970, after duly posting the required notices, the property was struck off and sold by the trustee at public sale to the appellees Jaksch on their bid of $26,000.00, that being the highest bid at such sale. On September 2, 1970, Bill Humphrey, as trustee, conveyed the property to said purchasers. This deed recited that the vendees were the highest bidders, and that the consideration was: (a) $6,000.00 in cash; and (b) the assumption by the said purchasers of the certain promissory note "due to Mrs. Jones in the principal sum of $25,000.00 secured by a deed of trust recorded in Volume 165, page 198 of the Wharton County deed of trust records". The deed further stated that "the balance of said note is $20,000.00".

The appellant appeared in person at the foreclosure sale held on September 1, 1970 but did not bid, nor did he object to the sale or the manner in which it was conducted.

At the trial of the case, which commenced on September 27, 1971, the appellees Jaksch, without objection by anyone, introduced into evidence an affidavit of Mrs. Jones whereby she stated that the sale of the property by Bill Humphrey, Trustee, to the appellees Jaksch for $26,000.00, payable in the manner already mentioned, was acceptable to her and that she was willing to look solely to them for the payment of the balance owing on the note should the "court rule that the foreclosure sale was valid and that Harvey Jaksch and Ray Allen Jaksch are the owners of the subject property."

French and Hunt paid the first two installments due on the $4,500.00 note but defaulted in the payments due thereon on August 15, 1970 and November 15, 1970, respectively.

After French and Hunt had defaulted in the payment of the third installment due on the $4,500.00 note, May accelerated the

maturity of said note and called upon Geo. P. Willis, III, Trustee, to enforce the second lien deed of trust securing the payment of said note and to conduct a foreclosure sale in accordance with the terms of the deed of trust. The property was sold by the trustee at public sale on September 7, 1971 to the appellee May on his bid of $50.00, that being the highest bid at such sale. Geo. P. Willis, III, Trustee, then conveyed the property (subject to, but not assuming any prior indebtedness) to May, who, by deed dated September 18, 1971, conveyed the property to the appellees Jaksch.

It is undisputed that French converted to his own use certain personal property belonging to May and that the value of such property is $500.00.

The appellees Jaksch paid the second installment of $5,000.00 to Mrs. Jones, together with accrued interest on the balance of the note due thereon shortly before July 28, 1971.

Appellant, in his first point, complains that "the trial court erred in rendering judgment for James D. May against appellant in the sum of $5,154.89 with interest, for the reason that the same included $2,503.89 claimed to have been paid by James D. May for the benefit of appellant on the note payable to appellee Mrs. Avis Jones." He argues that the uncontradicted evidence shows that May paid the same to Mrs. Jones so that she would not foreclose her deed of trust lien, and that she accepted same and credited it on the note. The record conclusively shows that May paid Mrs. Jones $2,003.89, not $2,503.89.

The appellee May sued appellant for recovery of money on three different theories: (a) the balance due on the accelerated second lien note; (b) the value of certain items of personal property on the premises that were owned by May and converted by appellant; and (c) the past due interest on the first lien note and delinquent taxes on the land which he paid to Mrs. Jones, as aforesaid.

It is undisputed that at the time of trial appellant owed James D. May a total of $2,651.00 on the $4,500.00 note, as follows: (a) $2,250.00 principal; (b) $160.00 interest; and (c) $241.00 attorney's fees. And, the evidence also establishes that certain items of personal property were converted by appellant to his own use which had a value of $500.00. The point of error does not complain of the judgment insofar as it awards the monies due on the amount that the evidence shows to be due on the $4,500.00 second lien note, or the amount awarded for the conversion of personal property, aggregating $3,151.00. The statement and argument under the point makes no mention of them. The point of error does, however, bring forward for review the recovery for the money paid by the appellee May to Mrs. Jones. Mr. May, in his first amended original petition, upon which he went to trial, alleged that (a) he was still liable to Mrs. Jones on the $25,000.00 note in the event that French and Hunt defaulted in payment thereof; (b) that French and Hunt defaulted in the installment payment thereon that was due on July 28, 1970; and (c) that he "paid $1,750.00 interest, $253.89 back taxes and $500.00 trustee's expenses for these defendants and to avoid payment of all of the $2,500.00 attorney fees due on the note." Mr. May testified that he paid Mrs. Jones $253.89 for delinquent taxes on the land and paid her $1,750.00 interest so "she would not have to call the note and so that I wouldn't be liable for the 10% attorney's fees on any sort of collection process that had to be made." There is no evidence that Mr. May paid Mrs. Jones $500.00 for "trustee's expenses" and there is no finding of fact to such effect.

It is undisputed that French (and Hunt) assumed payment of the $25,000.00 note and agreed to pay the same in accordance with its terms. They also agreed to pay all ad valorem taxes on the subject property before they became delinquent, as required by the deed of trust securing payment of the note. It is also undisputed that neither May nor Hunt paid the install-ment of principal ($5,000.00), or the accrued interest ($1,750.00), on July 28, 1970, the due date, nor did either pay the ad valorem taxes ($253.89) that were then delinquent. It is further established by the evidence that Mrs. Jones notified May, French and Hunt that she had accelerated the maturity of the $25,000.00 note, had declared the same due, and had instructed Bill Humphrey, the trustee named in the deed of trust, to sell the property covered by the deed of trust at trustee's sale.

■ As between May and French and Hunt, by agreement, French and Hunt became primarily liable to pay the Jones' note. May, the original obligor, having paid the interest on the note and the note and the delinquent taxes on the property, under the conditions and circumstances noted, acquired a right of action against French and Hunt for recovery of all such sums of money actually paid by him. Gunst v. Pelham, 74 Tex. 586, 12 S.W. 233 (1889); 39 Tex.Jur.2d, Mortgages and Trust Deeds, § 66, pp. 97–100. Appellant's first point is overruled.

Appellant, in his second and third points of error, asserts that the judgment that he (appellant) take nothing against the third party defendants and that the fee simple title to and right of possession of the property in question was vested and quieted in the appellees Jaksch, is erroneous in that the uncontradicted evidence showed that the only claim and source of title of the said appellees to the property was the "purported foreclosure" of the deed of trust securing the $25,000.00 note. Appellant contends that the foreclosure proceedings were void; that the acceptance by Mrs. Jones of the accrued interest and the delinquent taxes made by May and the acceptance by her of the cash payment made by the appellees Jaksch were simply acceptances of past due installments on the note; and that Mrs. Jones had waived foreclosure.

The deed of trust that was foreclosed on September 1, 1970 required that the prop-

erty be sold at public auction to the highest bidder for cash. Appellant claims that the sale by Bill Humphrey, Trustee, to the appellees "as shown by the trustee's account in his deed, and by Mrs. Jones' affidavit", was not for cash, and is therefore, void. He says that the transaction "amounted to an acceptance of a past due installment; the $5,000.00 bid was credited to the past due installment and the original note remained in full force and effect".

■ The case of Chase v. First National Bank of Cleburne, 1 Tex.Civ.App. 595, 20 S.W. 1027 (1892), is similar to the case at bar. There, the trustee's sale was advertised and made ostensibly as a cash sale; however, there was a private understanding between the trustee and the purchaser that only a part of the bid was to be paid in cash, and that the balance was to be carried by the noteholder as a loan. The contention was made that the trustee's sale was invalid. The Court of Civil Appeals upheld the sale and said:

" . . . Our view is that where a trust deed authorizes a sale for cash, and the trustee, who is also the mortgagee or the agent of the mortgagee, purporting to sell for cash, gives credit, or has an understanding with the bidder that credit will be given him on part of his bid, in order to induce him to make the property bring the full amount of the debt secured, this is not to the injury of the mortgagor, or those claiming under him, and will not avoid the sale . . . ."

We follow the holding in the Chase case. It is undisputed that appellant had defaulted in the payment of the first installment of principal on the note; he did not pay the accrued interest thereon; he failed to pay ad valorem taxes on the property prior to delinquency, as required by the deed of trust. He did not offer to pay the matured installment at the time of the trustee's sale. He was present at the sale and had an opportunity to bid. He did not do so. His rights were the same under the sale, regardless of whether the purchasers of the

property paid all cash, or otherwise, so long as the property was sold for at least the amount of the debt then owing thereon. The property was sold at the trustee's sale for the full amount of the debt secured. Appellant was not damaged, harmed, hindered or impeded by the extension of credit to the purchaser at the foreclosure sale. Mrs. Jones, since the date of the foreclosure sale, has not made any demand on appellant that he pay any money on the original note, and she has bound herself, if the foreclosure sale be held valid, to look only to the appellees Jaksch for payment. The deed of trust existed solely for the protection and benefit of Mrs. Jones. Her right to sell the property covered thereby at the foreclosure sale arose when she accelerated the maturity of the note, occasioned by the default of appellant and Hunt. No fraud has been perpetrated on appellant by the granting of credit to the appellees Jaksch. The action by the trustee was not arbitrary, unreasonable or discriminatory. Mrs. Jones does not complain of what was done. Under the facts presented by the record, appellant did not and does not have the right to question the manner, means or mode of payment of the purchase money bid at the foreclosure sale. Marsh v. Hubbard, 50 Tex. 203 (1878); Chase v. First National Bank of Cleburne, supra. The trustee's sale of September 1, 1970 was valid.

■ Appellant also claims that the cash payment made by the appellees Jaksch constituted the payment of a past due installment, that Mrs. Jones accepted the same as such payment and that such action on her part amounted to a waiver of her right to accelerate the maturity of the remainder of the note. We do not agree. The record shows that the acceleration of the note, the foreclosure proceedings, and the resulting trustee's sale was declared to be of the entire sum of the note. The payment of $6,000.00 cash by the purchasers at the trustee's sale, as part of the purchase price of the property so sold, did not have the effect of payment by appellant of the past

due installment. There is no evidence that Mrs. Jones waived the acceleration of the note or accepted the cash payment by the purchasers at the foreclosure sale in waiver of foreclosure. There is no evidence that she agreed or represented to anyone that she would reinstate the note in favor of appellant or that she would not foreclose her deed of trust lien.

As a condition precedent to appellant's right to have the deed from Bill Humphrey, Trustee, to the appellees Jaksch set aside, appellant was required to first tender to Mrs. Jones the entire amount due on the $25,000.00 note, including principal, interest and attorney's fees, as the note in its entirety had been declared due prior to the trustee's sale. Appellant never made a tender of money to her, nor did he pay any money into the registry of the trial court. Appellant, by way of supplemental petition that was filed on September 3, 1971, offered to pay to the third party defendants the sum of $13,920.55 (comprising the first two installments of principal on the note, interest from date of the note, and delinquent ad valorem taxes), conditioned on the setting aside of the trustee's deed to the appellees Jaksch; in appellant's motion for judgment, the total amount was reduced to $13,579.57. Appellant testified that he was not willing to pay Mrs. Jones any attorney's fees owing on the note.

With respect to offer and tender, in 55 Tex.Jur.2d, Tender, § 4, pp. 215–216, it is stated:

"A mere offer to pay does not constitute a valid tender; it is required that the tenderer have the money present and ready, and produce and actually offer it to the other party. The tenderer must relinquish control over the funds for sufficient time and under such circumstances as to enable the tenderee without special effort on his part to acquire possession."

With respect to tender, the Court, in Universal Credit Co. v. Cole, 146 S.W.2d 222, 227 (Tex.Civ.App.—Amarillo 1940, n. w. h.), said:

". . . A valid and legal tender of either money or chattels consists of the actual production of the funds and offer to pay the debt or delivery of the chattel involved. If it consists of money the tenderer must relinquish possession of it *for a sufficient time and under such cir-cumstances as to enable the person to whom it is tendered, without special ef-fort on his part, to acquire its possession. Moreover, the tender must be continued and, in order to prevail in a suit in which it is alleged, the money must be brought into court and made available to the person claiming it. . . .*"

Our Supreme Court, in Baucum v. Great American Insurance Co. of New York, 370 S.W.2d 863 (Tex.Civ.App.1963), in addition to citing the Universal Credit Co. case, at page 866 of the opinion, said:

"A tender is an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation. . . ."

As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is ineffectual. Jones v. Jones, 49 Tex. 683 (1878); Kansas City Life Ins. Co. v. Duvall, 129 S.W.2d 770 (Tex.Civ.App.—Waco 1939, n. w. h.); Tucker v. McCullough, 209 S.W. 236 (Tex.Civ.App.—Texarkana 1919, n. w. h.).

After default is made in the payment of any installment on a note when due, and the maturity date has been accelerated and the note has been placed in the hands of an attorney for collection, attorney's fees became as much a part of the amount to be paid on the note as do the principal and accrued interest thereon. Amuny v. Seaboard Bank & Trust Co., 23 S.W.2d 287 (Tex.Comm'n App.1930). The amount of money offered by appellant did

not include the attorney's fees that were due on the accelerated and matured note and was, therefore, insufficient. H. B. Zachary Co. v. Ceco Steel Products Corp., 404 S.W.2d 113, 135 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.); Dawson v. Falfurrias State Bank, 181 S.W. 553 (Tex.Civ.App.—San Antonio 1916, writ ref'd). Neither appellant's pleadings nor his acts established a legal tender of the money that was owing to Mrs. Jones on the original $25,000.00 note. Baucum v. Great American Insurance Co. of New York, supra; Cornelius v. Cook, 213 S.W. 2d 767 (Tex.Civ.App.—Eastland 1948, n. w. h.); Price v. Reeves, 91 S.W.2d 862 (Tex.Civ.App.—Ft. Worth 1936, writ dism'd). Under the facts in the instant case, appellant did not make a valid legal tender to Mrs. Jones. For the reasons stated, appellant's second point is overruled.

Appellant, by his third point of error, contends that the evidence showed that the fee simple title to and right to possession of the property was vested in him, and that he was entitled to a reasonable rental for the time that he had been deprived of the use and occupancy of his property. We do not agree. It was alleged by appellant in his third party petition that he is the owner of the property in question, that he was in possession thereof on September 2, 1970, that the third party defendants on said date unlawfully entered upon and dispossessed him of said land, that the party defendants *unlawfully withheld from him the* possession of said land, and that they have unlawfully used and occupied said land and premises. He prayed that title to the land be confirmed in him, that he recover of the third party defendants the rental value of said land during the time it was used and occupied by them, and for a writ of possession. Such allegations and prayer constitute the third party petition a suit in trespass to try title.

The appellees Jaksch, among other pleadings, filed a plea of "not guilty". There was no pleading by anyone of a common source of title, nor was there a stipulation as to same.

 In the face of the "not guilty" plea, the entire burden of proof of title to the land was placed on appellant; in order to recover, he was required to (a) either trace his title to the sovereignty of the soil, or (b) connect his title with the common source, connect the third party defendants' title to the same source, and prove the superiority of his own title to that of the third party defendants. Land v. Turner, 377 S.W.2d 181, 188 (Tex.Sup.1964); Hendricks v. Stone, 78 Tex. 358, 14 S.W. 570 (1890); Cunningham v. Deist, 286 S. W.2d 192 (Tex.Civ.App.—San Antonio 1955, writ ref'd); Patterson v. Metzing, 424 S.W.2d 255, 258 (Tex.Civ.App.—Corpus Christi 1967, n. w. h.); 56 Tex.Jur.2d, Trespass to Try Title, § 121, pp. 254–256. We have concluded that appellant failed to discharge such burden in this case.

Appellant did not offer in evidence a single deed or other instrument as evidence of title in him. The only documentary evidence introduced by appellant was the deed from Bill Humphrey, Trustee, to the appellees Jaksch, and even that instrument was offered by appellant only for the limited purposes of showing the consideration for the deed and the action by the trustee in the foreclosure sale.

The appellee James D. May, the original plaintiff, introduced in evidence the deed from Mrs. Jones to him, the deed of trust executed by him to Bill Humphrey, Trustee, the deed from May to appellant and Jesse D. Hunt, and the deed of trust from appellant and Hunt to Geo. P. Willis, III, Trustee. The third party defendants Jaksch introduced in evidence the deed from Bill Humphrey, Trustee, to them, the deed from Geo. P. Willis, III, Trustee, to May, and the deed from May to the third party defendants Jaksch.

 Appellant did not plead or prove a title by adverse possession or by prior possession. He admitted that the third party

defendants Jaksch were in actual possession of the land when he filed his petition. He did not trace his title to the sovereignty of the soil. He did not comply with the requirements of Rule 798, Texas Rules of Civil Procedure. That Rule, in addition to providing that "proof of a common source may be made by the plaintiff by certified copies of the deeds showing a chain of title to the defendant emanating from and under such common source", also expressly states that "such certified copies shall not be evidence of title in the defendant unless offered in evidence by him". Therefore, it can be argued (and is argued by the appellees Jaksch) that since the burden of proof in a trespass to try title case is on the plaintiff to recover on the strength of his own title and to establish superior title in himself by affirmative proof of such title, it necessarily follows that the instruments introduced in evidence by other parties shall not be evidence of title in the plaintiff unless actually offered in evidence by him. While we have some doubt as to whether appellant did establish a common source of title, we are not required to decide that matter in order to dispose of appellant's third point.

█ Assuming for the sake of argument that such evidence did establish Mrs. Jones as the common source of title, the proof in this case shows a superior title in the third party defendants Jaksch under such common source of title. The evidence is sufficient to show that appellant was divested of his title by the trustee's sale under either of the deeds of trust. Therefore, the trial court correctly entered a take nothing judgment against appellant in his third party action. Appellant's third point is overruled.

We have considered each of the points of error that have been brought forward by appellant and each is overruled.

The appellees Jaksch, by cross point, assail that part of the judgment holding that the deed from Geo. P. Willis, III, Trustee, to James D. May is void. Appellant contends that the sale was invalid as it was made during the pendency of the suit brought by May. The appellee May, in his suit against appellant, sought only a money judgment on the note that was secured by the second lien deed of trust. He did not seek a judicial foreclosure of his deed of trust in his suit. The foreclosure of the deed of trust lien was accomplished under the power given the trustee in the deed of trust. It was, therefore, a non-judicial foreclosure.

█ It is well settled that the lienholder may conduct a non-judicial foreclosure under the deed of trust while the suit on the note is pending if foreclosure of the lien is not sought in the pending action. Natali v. Witthaus, 134 Tex. 513, 135 S. W.2d 969 (1940, opinion adopted); Babington v. Gray, 71 S.W.2d 293 (Tex.Civ. App.—Austin 1934). The pendency of the suit filed by May against appellant did not affect the validity of the trustee's sale of the land in controversy by Geo. P. Willis, III, Trustee, to James D. May, the noteholder. The foreclosure proceedings under the second lien deed of trust complied with the provisions of the deed of trust. Personal or actual notice of the trustee's sale was not required by the deed of trust. The notices of such sale were posted in accordance with the provisions of Article 3810, Vernon's Ann.Civ.St., and were therefore, sufficient. The trustee's sale by Geo. P. Willis, III, Trustee, whereby the property was conveyed to appellee May was not void. The cross point of the appellees Jaksch is sustained.

Paragraph 5 of the judgment rendered herein on January 27, 1972, reading as follows: "5. It is further ORDERED, ADJUDGED and DECREED that the trustee's deed dated September 7th, 1971 from Geo. P. Willis, III, trustee, to James D. May is void" is hereby deleted, and the judgment rendered by the trial court is modified in that respect.

The judgment entered by the trial court, as modified by this Court, is affirmed.