[No. 6,955.—Department One.]
March 27, 1882.

## H. M. LEONARD v. GEORGE W. TYLER.

FORECLOSURE OF MORTGAGE—OPTION TO CONSIDER THE WHOLE AMOUNT DUE UPON FAILURE TO PAY INSTALLMENTS—COMPLAINT—PLEADING.—A mortgage contained a clause to the effect that if any of the installments of principal or interest should remain unpaid for ninety days after it became due, the whole amount of the note should become due immediately at the option of the payee or holder.

*Held:* Upon a failure to pay any of the installments of the note according to its terms the note became due immediately at the option of the payee, and it was not necessary for the payee, before commencing proceedings to enforce it for the full amount, to announce his option to the maker by notice in writing that he elected to consider the whole amount of the note as due; it was sufficient if he made his election, and demanded payment of the whole amount before the commencement of the action.

APPEAL from a judgment and for the plaintiff, and from an order overruling defendant's demurrer in the Third District Court of the City and County of San Francisco. THORNTON, J.

*Geo. W. Tyler*, for Appellant in *pro. per.*

*Robinson, Olney & Byrne*, for Respondent.

The COURT:

This was an action to foreclose a mortgage given to secure payment of a promissory note, payable in three equal installments of principal, and quarterly installments of interest. The mortgage contains a clause to the effect that if any of

the installments of principal or interest shall remain unpaid for ninety days after it shall become due and payable, the whole amount of the note shall become due and payable immediately, at the option of the payee or holder.

Default having been made in the payment of several of the installments of interest and of the first installment of principal, within the ninety days after they severally became due, the mortgagee commenced the action to foreclose, alleging, in his complaint, that he had elected to consider the whole amount of the note as immediately due. It is contended by the defendant that the complaint is insufficient, because it contains no allegations that the plaintiff elected to declare the whole amount of the note to be due, after the expiration of ninety days after the several installments had become due, and that he notified the defendant of his election before the commencement of the action.

But the complaint alleges the maturity of the first installment of principal, and of the several installments of interest; and that ninety days had elapsed after the maturity of each without payment of any one of them, although payment had been demanded; and "that the plaintiff elected to consider the whole of said principal sum expressed in said note as immediately due and payable, and demanded payment thereof from the defendant before the commencement of this action." These are, we think, sufficient averments of election and notice.

Upon a failure to pay any of these installments of the note, according to the terms thereof, the note became payable absolutely, at the option of the payee; and it was not necessary for him, before commencing proceedings to enforce it for the full amount, to announce his option to the maker by giving him notice in writing that he elected to consider the whole amount of the note as due immediately. It is sufficient if he made his election and demanded payment of the whole amount of the note before the commencement of the action.

There is no error in the judgment roll.

Judgment affirmed.