E. E. CHASE v. THE FIRST NATIONAL BANK OF CLEBURNE.

No. 43.

1. **Deed of Trust Sale—Power of Trustee as Agent.**—Where a deed of trust, in which the trustee is also the agent of the beneficiaries, provides that upon default in any interest payment the beneficiaries may, at their option, elect to treat the principal debt secured as due, and sell the property, such election may be made by such trustee and agent on behalf of his principal, and need not be formally declared by them or by him; the election being sufficiently made by the trustee advertising the property for sale.

2. **Same—Extending Credit on Sale for Cash.**—Where a trust deed authorizes a sale for cash, and the trustee, who is also the mortgagee or the agent of the mortgagee, purporting to sell for cash, gives credit or has an understanding with the bidder that credit will be given him on part of his bid, in order to induce him to make the property bring the full amount of the debt secured, this is not to the injury of the mortgagor or those claiming under him, and will not avoid the sale.

3. **Same—Parties to Suit Setting Sale Aside.**—In order to set aside a sale, in a direct proceeding for that purpose, the purchaser at such sale must be placed in statu quo. See the opinion for case in which the beneficiaries in a trust deed would be necessary parties in a suit to set aside a sale made thereunder.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Poindexter & Padelford,* for appellant.—1. The court erred in charging, in effect, that it was necessary for Halley & Gilroy, the beneficiaries in the trust deed, to declare the principal debt due for default in interest payments, and also in limiting this option solely to them individually, since they could exercise this right of election through their agent and trustee. Henry v. Garland, 45 E. C. L., 519; Leonard v. Tyler, 60 Cal., 299; Heath v. Hall, 60 Ill., 344; Harper v. Ely, 56 Ill., 179; Ingle v. Jones, 43 Iowa, 293; Johnson v. Vanvelson, 43 Mich., 208; Carey v.

Brown, 62 Cal., 373; Saving and Loan Society v. Deering, 66 Cal., 281; Wiltsie on Mort. Foreclosures, sec. 45.

2. The trustee's sale can not, in this collateral proceeding, be attacked for mere irregularities; and in a direct proceeding to set the sale aside, Halley & Gilroy would be necessary parties. Boggess v. Howard, 40 Texas, 158; 27 Texas, 294; 15 Texas, 354; Morris v. Hastings, 70 Texas, 26; 13 Texas, 598; 9 Cal., 94; 38 Cal., 649.

3. When the power is to sell for cash only, and the sale is made accordingly, the mortgagee may allow time for the purchase money, and whether this arrangement is made before or after the sale. Marsh v. Hubbard, 50 Texas, 203; Mahone v. Williams, 39 Ala., N. S., 202; Markey v. Langley, 92 U. S., 153; Hubbard v. Jarrell, 23 Md., 75.

No brief for appellee has reached the Reporter.

STEPHENS, Associate Justice.—On the first day of March, 1884, John L. Cleveland, then the owner of the land in controversy, executed to W. F. Sommerville a trust deed in the nature of a mortgage on said land, to-wit, a tract of 198 acres, situated in Johnson County, to secure George Halley and Alexander Gilroy in the payment of a certain promissory note for $1200, payable to their order in Fort Worth, Texas, with interest at 11 per cent per annum, payable semi-annually on the first days of March and September of each year, according to the terms of ten interest coupon notes thereto annexed; with the stipulation that if any one of said interest coupons should remain unpaid for five days after maturity, then, at the option of said Halley & Gilroy, or the holder of said promissory note, the whole principal, with interest then accrued, should at once become due and payable, and that the holder might proceed to collect the same by sale under the deed of trust.

It was further provided in the deed of trust, that in default of payment as aforesaid, said trustee was authorized, at the request of Halley & Gilroy, or other holder of the note, at any time made after default, to sell the property in controversy at private sale, or to the highest bidder for cash in hand or on credit, at the court house door in Tarrant County, Texas, at public outcry, within lawful hours, after giving public notice of the time, place, and terms of said public sale and of the property to be sold, either by publication in a newspaper or by posting a notice on the court house door of said county for twenty days prior to the sale. In negotiating the loan secured by the deed of trust, Sommerville acted as the agent of Halley & Gilroy, who resided beyond the seas. The deed of trust was promptly and duly recorded in Johnson County.

Thereafter, in May, 1884, Cleveland conveyed the land to W. D. Hudson, who, in July of the same year, conveyed it to B. F. Hudson for a recited consideration of $1000 cash and a purchase money note for $2500.

This note afterwards became the property of appellee, the First National Bank of Cleburne, upon which, in 1887, it brought suit against B. F. Hudson to foreclose the vendor's lien on the land. Upon this judgment an order of sale was issued, and on the first Tuesday in June, 1887, was executed by a sale of the land to the said bank. No deed was introduced in evidence conveying the property in controversy to the bank, nor was there any proof of the payment of its bid of $100 at the sheriff's sale; but the return on the order of sale showed that that sum was bid by the bank, and that the property was struck off to it at said sale as the highest and best bidder.

On the first day of June, in the year 1887, prior to the sale under the order of sale, said Sommerville, by virtue of said deed of trust, sold the same property before the court house door of Tarrant County, within the hours prescribed by law, to the highest bidder for cash, after posting notices, as required in the deed of trust; at which sale appellant, E. E. Chase, became the purchaser at the sum of $1376, which was the amount of principal, interest, and costs due from said Cleveland. Of this sum only $133 was then paid in cash. There seems to have been an understanding between said Sommerville and Chase, as we infer from the evidence, though not admitted by them, that Sommerville, who was still the agent for Halley & Gilroy in loaning and collecting money for them, as such agent, would lend to Chase the balance of said bid, to be secured by a mortgage on the property, which was soon thereafter accomplished, a deed in pursuance of the sale under said trust deed having been duly executed to Chase upon his paying the $133 cash.

The sale under the deed of trust was not advertised and made until more than five days after the maturity and default in the payment of the interest coupon due March 1, 1887, which remained unpaid at the time of the sale. Prior to any steps taken on the part of Sommerville to sell under the deed of trust, his local agent in Johnson County, who had negotiated this loan, notified Cleveland and Hudson of the default, and that the land would be sold unless the interest was paid. Appellee had no knowledge or notice of the default or sale until afterward. Upon learning of the sale, appellee offered to pay to appellant the whole amount due upon the mortgage, including all sums paid out by appellant, and offered on the trial to do the same, which offers appellant declined. The property was shown to be worth from $2500 to $3000.

The original note executed by Cleveland, which was secured by the deed of trust, was not payable until five years after its date; and likewise the subsequent note executed by Chase, secured by his deed of trust on the land, had five years to run. Appellant took possession of the land under his purchase at the trustee's sale, and thereafter appellee brought this suit in trespass to try title, setting up in its petition irregularities and fraud in the sale under the deed of trust, praying to have it set aside

and to be permitted to redeem the land from the original mortgagee; appellant pleading not guilty.

The case was submitted to the jury on the alleged irregularities in the sale, the proof being properly deemed insufficient by the trial court to warrant the submission of the issue of fraud.   The jury returned a verdict in favor of appellee for the land and for $200 rents, and for appellant $1200 (owing to Halley & Gilroy) with interest, $291.35; also $176 paid Sommerville, amounting, with interest, to $211.49; total, $1702.84. This verdict was approved and judgment entered in favor of appellee for the land, subject to the mortgage executed by appellant to Halley & Gilroy for $1200; also decreeing that appellant recover of appellee the sum of $302.84 with 8 per cent interest per annum, to be paid by appellee upon taking possession of the land.

From this judgment E. E. Chase appeals.

We have reached the conclusion, after a careful consideration of the facts contained in the record, that the trustee's sale under which appellant deraigns title was not attended with such irregularity as would warrant its being set aside, even in a direct proceeding for that purpose, with all parties at interest before the court.

The charge of the court, of which complaint is made, must have conveyed to the minds of the jury the impression that some sort of declaration on the part of Halley & Gilroy of their option to treat the principal debt as due upon default in the payment of the interest was necessary before their agent and trustee, Sommerville, could proceed to sell under the deed of trust.   We are of opinion that no such declaration was essential to the exercise of such power.   Leonard v. Tyler, 60 Cal., 299; Harper v. Ely, 56 Ill., 179.

According to our construction of the deed of trust and of the law, Sommerville, as the agent of Halley & Gilroy, had the power, upon default in payment of the interest, to exercise for his principals, and did in this case exercise for them, this right of electing to treat the principal debt as due; and by proceeding to advertise and sell the property this purpose was manifested.

The charge also, in effect, instructed the jury, that if at the public sale, which was advertised and made ostensibly as a cash sale, there was a private understanding between Sommerville and Chase that only a part of the bid of the latter was to be paid cash, and that the balance was to be carried by Halley & Gilroy as a loan, the amount of the bid to cover the entire debt with interest and costs, this would render the trustee's sale invalid.   This charge is also complained of, and we are of opinion that it contains error.   Our view is, that where a trust deed authorizes a sale for cash, and the trustee, who is also the mortgagee or the agent of the mortgagee, purporting to sell for cash, gives credit, or has an under-

standing with the bidder that credit will be given him on part of his bid, in order to induce him to make the property bring the full amount of the debt secured, this is not to the injury of the mortgagor or those claiming under him, and will not avoid the sale. Marsh v. Hubbard, 50 Texas, 203; Ballinger v. Bourland, 87 Ill., 513; Burr v. Borden, 61 Ill., 391. No other alleged irregularities were or should have been submitted to the jury; and our conclusion is, that those submitted, if irregularities at all, were not such as appellee could justly complain of. We are further of opinion, that if there had been any such irregularities as would avoid the sale in a direct proceeding, without Halley & Gilroy before the court, appellee could not obtain that relief.

In order to set aside a sale in a direct proceeding for that purpose, the purchaser at such sale must be placed in statu quo. We can not perceive how, under the peculiar facts of this case, this could be done without Halley & Gilroy before the court. Certain it is that it was not done by the judgment rendered. Appellant has the return of his money with 8 per cent interest adjudged to him, but he is not released and could not be released, without Halley & Gilroy before the court, from his obligation to pay them $1200, which would certainly make him liable for whatever should remain unpaid upon the sale of the property under the mortgage executed by him, should appellee fail to redeem the land from the mortgage.

Whether appellee, in the absence of a deed from the sheriff, without showing the payment of its bid, or showing that a credit of the amount thereof was entered on its judgment, could maintain this suit may be doubted, but as it is unnecessary in this case to pass upon that issue we leave it undetermined.

Our conclusion is, that the court should have instructed the jury to return a verdict for appellant, and therefore that the judgment should be reversed and here rendered for appellant for the land in controversy.

*Reversed and rendered.*

Delivered December 6, 1892.

A motion for rehearing in this case was overruled