No. 13,146.

OLMSTED ET AL. *v.* MELVILLE ET AL.

(27 P. [2d] 589)

Decided November 27, 1933.

Mr. C. E. Sydner, Mr. Granby Hillyer, Mr. F. R. Olmsted, for plaintiffs in error.

Mr. Hubert L. Shattuck, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Walter W. Olmsted and Grace D. Beasley failed to recover judgment in a suit against I. B. Melville, A. C. Monson, H. O. Day, Ed Shaw and Harry W. Humphreys, trustees, and are here seeking a reversal of the judgment dismissing their suit.

H. M. Rinn, the owner of certain land in Adams county, executed his deed of trust to the public trustee to secure the payment of his promissory note for $12,-618.84 payable to the order of the defendants with interest at 8 per cent per annum after maturity. Thereafter he conveyed the land to Grace D. Beasley, who thereafter executed her deed of trust to secure the payment of her promissory note payable to the order of Walter W. Olmsted. Default having occurred in the payment of the Rinn note, the public trustee sold the property at a foreclosure sale. The defendants, intending to bid only the amount actually due, bid $17,580.27, which they supposed was the amount due on the note. The public trustee knew that the defendants intended to bid only the amount actually due on the note, supposed that $17,580.27 was the amount due, received the bid on that supposition, accepted the note as full payment for the property and cancelled the note. The certificate of sale and the public trustee's deed stated the consideration as $17,580.27. After the issuance of the public trustee's deed, it was discovered that the defend-

ants and the public trustee had labored under a mutual mistake with reference to the amount due, the correct amount being $13,833.69 instead of $17,580.27. The mistake arose in this way: There were nineteen foreclosure sales, including the one involved in this suit, made on the same day under deeds of trust securing promissory notes payable to the order of the defendants. The defendants bid at each of the other sales, and intended to bid at this, only the amount due. All the other notes bore interest from their dates; the Rinn note alone bore interest from maturity. The defendants' clerk who figured the interest on the notes and bid at the sales in behalf of the defendants inadvertently figured the interest on the Rinn note from its date, instead of from maturity, and bid according to her figures, which were $3,746.58 more than the correct amount. The plaintiffs, upon discovering the mistake, sued to recover the amount of the excess.

The trial court decided that the plaintiffs were not entitled to recover, and, in so deciding, the trial court did not err. Clerical mistakes of this character are not always fatal, as will be seen from the following example given in 2 Restatement of the Law of Contracts, section 507, illustration 2: "A contracts in writing to sell 5000 tons of coal to B, and B contracts to pay therefor a price stated in the writing $5100. The price actually intended was $51,000. A can recover without a preliminary decree of reformation for the price of the coal, when delivered, on the basis that the parties intended." The plaintiffs neither did nor refrained from doing any act in reliance upon the mistake, nor did they alter their position in any respect by reason thereof. There is no claim that they refrained from redeeming from the sale because of the amount for which the certificate stated the property was sold. According to the evidence, the value of the property was less than the amount due on the note. The defendants offered to release the land from all obligation to them upon payment of the amount

due on the note, or to have the sale vacated and the property sold again.    The plaintiffs would not accept the offer.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.