**Brenda B. FUQUA et vir, Appellants,**

**v.**

**Harry W. BURRELL et ux., Appellees.**

**No. 5086.**

Court of Civil Appeals of Texas, Waco.

Nov. 18, 1971.

Rehearing Denied Dec. 23, 1971.

Paul W. Wisdom, Jr., Mesquite, for appellants.

George H. Trenary, Irving, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Fuqua from a judgment for defendants Burrell, in a trespass to try title suit.

Plaintiffs filed trespass to try title action against defendants, to a house and lot. Defendants answered by general denial, and alleged they were owners of the property, having purchased same at a trustee's sale. Defendants by cross action alleged that they had sold the property to plaintiffs; that the defendants retained a Vendor's Lien and Deed of Trust for a portion of the purchase price; that plaintiffs failed to pay the note, and that defendants had the property foreclosed, received Trustee's deed to such property, and are the owners thereof.

Trial was to a jury which found on November 1, 1969 there was $577.82 unpaid balance owing defendants on the vendor's lien note they retained on the property; and that plaintiffs had not tendered payment on such to defendants prior to November 1, 1969.

The trial court entered judgment for defendants for title and possession to the property.

Plaintiffs appeal on 4 points contending the trial court erred in rendering judgment for defendants because plaintiffs established title in themselves, and defendants failed to meet their burden of proving a foreclosure sale to them.

Plaintiffs purchased the property from defendants on July 27, 1966. Defendant retained a vendor's lien note secured by deed of trust for $1057.92 as a part of the purchase price. In July or August 1969 plaintiffs moved out of the house, and as of September 1969 plaintiffs were 3 payments in arrears on the note. Plaintiffs made some effort to contact defendants; and defendants made some effort to contact plaintiffs; but neither succeeded in contacting the other. Defendants contacted their attorney, told him plaintiffs were four months in arrears on the note payments and defendant's attorney had the property posted and foreclosed under the

Deed of Trust. Defendants were deeded the property by Trustee's Deed on November 4, 1969.

Trustee's deed to defendants is in evidence, and recites that the sale was made to defendants for $1500, after having given public notice of the time, place and terms as required by the deed of trust.

Plaintiffs assert defendants did not meet their burden of proving foreclosure sale to them because defendant Burrell testified he did not attend the sale or authorize anybody to purchase for him at such sale. Burrell however, further testified that he turned the matter over to his attorney who was acting as substitute trustee, and that "it was up to him to hold the sale and bid it in for whatever he thought it should be bid in for".

The foregoing together [1] with the trustee's deed, constitutes sufficient evidence of a foreclosure sale to defendants.

Plaintiffs' points and contentions are overruled.

Affirmed.

1. A trustee is not precluded by reason of the fact he is in trustee, from becoming purchaser or agent for purchaser at a

trustee's sale. Thornton v. Goodman, Tex.Com.App., 216 S.W. 147.