STRICKLAND TRANSPORTATION COMPANY, INC., Appellant,

v.

Eugene WOMACK, d/b/a Womack Lumber Company and Jack Baughtman, Appellees.

No. 18760.

Court of Civil Appeals of Texas, Dallas.

March 18, 1976.
Rehearing Denied April 15, 1976.

H. C. McCracken, McCracken, Smith, Shields & Taylor, Carrollton, for appellant.

Buford A. Cates, Jr., Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Strickland Transportation Company, Inc. sued Eugene Womack, d/b/a Womack Lumber Company and Jack Baughtman, Womack's truck driver, to recover damages sustained to its motor vehicle as a result of a collision with Womack's motor truck. Womack answered and asserted a counter-claim against Strickland to recover for the damage sustained to its truck. Strickland appeals from the judgment which awarded Womack money damages but denied Strickland any relief.

The record reveals that on July 1, 1972, Jack Baughtman was driving the Womack truck and trailer on Interstate Highway 30 in an easterly direction in the city of Dallas. The truck developed clutch trouble which resulted in a loss of power, and Baughtman pulled off the highway and disengaged the trailer from the tractor. Intending to bor-row tools at a truck stop further down the highway, he drove the tractor back to Inter-state Highway 30. He said that it was getting dark and that he had turned on the lights on the vehicle. He testified that he was driving between twenty and thirty miles per hour in the right hand lane of the highway when his vehicle was struck from the rear by the Strickland unit, which con-sisted of a motor truck and two "pup" trailers. James William Tate, the driver of the Strickland truck, testified that he was traveling east on Interstate Highway 30 when a car traveling in the same lane ahead of him darted to its left. He then saw the Womack truck "sitting up there partially on the road and partially on the shoulder." He

did not see any lights on the rear of the Womack tractor. He said that he applied all of his brakes and pulled to the left but that the corner of his rear trailer struck the Womack vehicle. Both vehicles sustained serious damage as a result of the collision.

In its petition, Strickland charged that Baughtman was negligent in failing to keep a proper lookout; in operating a vehicle without lights on the rear portion as required by law; in operating the vehicle at a speed less than the minimum permitted by law; in operating the tractor in a defective condition; and in failing to operate the tractor in one lane of traffic as required by law. Each of these acts of negligence was alleged to be a proximate cause of the collision. In its answer, Womack and Baughtman charged that Tate, the driver of the Strickland truck, was negligent in failing to keep a proper lookout and in failing to timely turn to the left to avoid the collision and that each of these acts was a proximate cause of the collision.

In response to special issues, the jury found (1) that Baughtman did not fail to keep a proper lookout; (3) that Baughtman operated the vehicle on the roadway without lights on the rear portion thereof; (4) that such act was not a proximate cause of the collision; (8) that Baughtman was operating the vehicle in question in a defective condition; (9) that such act was negligence; (10) that such negligence was a proximate cause of the collision; (11) that Tate failed to keep a proper lookout; (12) that such failure was a proximate cause of the occurrence; (15) that Tate failed to timely turn to the left; and (16) that this failure was a proximate cause of the collision. In answer to special issue (5), the jury refused to find that Baughtman was driving his vehicle at a speed less than the minimum permitted by law. The court sustained Womack's motion to disregard the jury's findings in response to special issues 8, 9 and 10 and rendered judgment in favor of Womack for $8,971.50. The court denied Strickland any recovery. Strickland attacks the judgment rendered against it but does not challenge the judgment denying it any recovery against Womack and Baughtman.

In its main points on appeal, Strickland argues that the trial court committed reversible error in disregarding the jury's answers to special issues 8, 9 and 10 since these issues were material and were supported by the evidence. Appellees Womack and Baughtman contend that there is no evidence to support the jury's answers to these issues and that they were, therefore, properly disregarded.

■■■ The jury's answer to a special issue may be disregarded only when it has no support in the evidence or when it is immaterial. Tex.R.Civ.P. 301; C & R Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex. 1966). The record shows that prior to the collision Baughtman discovered that the clutch of his truck was slipping and that, as a result of this malfunction, the motor had lost power. After stopping and disengaging the tractor, he drove the tractor back onto Interstate Highway 30. Baughtman testified that he selected the route he was traveling at the time of the collision because there was less grade to pull and he realized the truck might not have the power to make a more abrupt grade. He testified that he was driving between twenty and thirty miles per hour when the collision occurred. Mrs. Hope Martinez, a car driver who witnessed the accident, testified that Baughtman was driving partially on the shoulder of the road between ten and twenty miles per hour. Driver Tate testified that when he first saw the Womack vehicle it was "sitting" partially on and partially off the highway. We think that this testimony is competent evidence of probative value to support the jury's answers to special issues 8 and 9 inquiring whether Baughtman was driving the Womack vehicle in a defective condition prior to the collision and whether that operation of the vehicle was negligence. The evidence shows that the vehicle was defective in that it had a slipping clutch and that the loss of power resulting from this condition affected the driver's control over the vehicle. Consequently, we hold that the evidence is

sufficient to support a finding that Baughtman was negligent in driving the tractor on a highway when he knew the motor did not have full power.

■ There was also evidence of probative value to support the jury's finding that Baughtman's negligence in driving the truck in a defective condition was a proximate cause of the collision. In addition to the evidence discussed above, the testimony of Martinez and Baughtman, that the Womack truck was being driven at a slow rate of speed, and the testimony of Tate that when he first saw the Womack truck, it loomed up in front of him and was "sitting up there partially on the road and partially on the shoulder," support that finding. When we consider all this testimony in light of the fact that it was dark and that other vehicles were driving near the legal maximum of fifty-five miles per hour, we find that there was evidence of probative value to support the jury's answer to special issue number 10.

In appellee Womack's "cross-point," which we treat as a counterpoint since appellee seeks no reversal or modification of the trial court's judgment, appellee contends that the trial court correctly disregarded issues 8, 9 and 10 because these issues, when submitted in conjunction with specific negligence issues, constituted a double submission not authorized by rule 279, Texas Rules of Civil Procedure. Appellee argues that the expression "defective condition" renders special issue number 8 a general issue which, though proper in itself under the 1973 amendment of rule 277, should not be submitted along with more specific issues covering the same factual dispute, and that findings on this series of issues should be disregarded because the more specific issue of driving at a rate of speed less than that permitted by law was submitted in special issue number 5, and the jury refused to find an answer to that issue

that Baughtman was driving at such a slow rate of speed.

■ We cannot agree with appellee's contention because we do not regard issues 8, 9 and 10 as "general" issues in the context of this case. The only evidence of a "defective condition" was the slipping clutch.[1] Issues 8, 9 and 10 must be considered for our present purposes as equivalent to issues submitting whether Baughtman was operating the vehicle with a slipping clutch, whether such operation was negligence, and whether such negligence was a proximate cause of the collision. So considered, the issues were specific rather than general, and the trial court's disregard of them in rendering judgment cannot be justified on the ground that the answer to these issues became immaterial when the jury refused to find that Baughtman was driving at a rate of speed less than the minimum, if any, provided by law. Consequently, the judgment rendered in disregard of these findings must be reversed.

■ Since we hold that the judgment must be reversed on this ground, we must determine whether to render judgment for Strickland or to remand for a new trial. Tex.R.Civ.P. 505 expressly grants to the supreme court the authority to remand the case to the lower court if it shall appear that the justice of the case demands another trial. This rule was applied by the supreme court in *C & R Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). In *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex. 1966), the supreme court speaking through Justice Greenhill held that both the court of civil appeals and the supreme court, having found error in the judgment of the trial court, are authorized in a proper case to remand in the interest of justice. Both courts have discretion in the matter. *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d

---

1. Although there was some evidence that the lights on the rear of the Womack vehicle were not burning on the occasion in question, there is no evidence that they were not in operating condition. Operation of the vehicle without lights on the rear was submitted in separate issues, and the jury found that such operating was not a proximate cause of the collision. Consequently, the record does not indicate that the jury might reasonably have considered the absence of rear lights as bearing on the "defective condition" issues.

699 (1951) and *Morrow v. Shotwell*, 477 S.W.2d 538, 541–42 (Tex.1972).

We conclude that in this case a new trial should be granted in the interest of justice. Without deciding whether there is a technically fatal conflict between the jury's findings and answers to issue 5 and issues 8, 9 and 10, we hold that there is at least an apparent inconsistency between these findings since under the evidence the principal effect of the slipping clutch was to reduce the speed of the vehicle. Moreover, the finding that the vehicle was not being driven at a speed less than the minimum is questionable in view of the practically undisputed evidence that the Womack truck was proceeding at a speed less than thirty miles per hour, or was apparently "sitting" on the highway when first seen by the Strickland driver. Consequently, we remand the case to the trial court for further proceedings insofar as the judgment awards Womack damages against Strickland Transportation Company, Inc. *Cf. C & R Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex. 1966).

We see no reason, however, to disturb that part of the judgment which denies Strickland recovery against Womack. That part of the judgment is based on the findings of contributory negligence on the part of Strickland's driver, and those findings are not challenged on this appeal. Since that portion of the judgment is severable, the judgment in that respect is affirmed.

Affirmed in part and reversed and remanded in part.

AKIN, J., not participating.