**Allen McCLURE, Trustee, and Metropolitan Savings Bank of Brooklyn, New York, Appellants,**

v.

**CASA CLAIRE APARTMENTS, LTD. and Casa Claire Apartments, a general partnership, Appellees.**

No. 7984.

Court of Civil Appeals of Texas, Beaumont.

Nov. 23, 1977.

Rehearing Denied Dec. 15, 1977.

Joe H. Staley, Jr., Harriet E. Miers, Dallas, for appellants.

Ron C. Edmondson, Tom Sands, Dallas, for appellees.

DIES, Chief Justice.

Casa Claire Apartments, Ltd., and Casa Claire Apartments, a general partnership, plaintiffs below, sued Metropolitan Savings Bank of Brooklyn, New York, defendants below, for an amount bid at a trustee's foreclosure sale in excess of disbursed principal, plus interest due, on a deed of trust note. Allen McClure, the substitute trustee, bid $2,235,077 on Metropolitan's behalf at the February 6, 1973 sale. This figure represented $186,590.14 more than the principal disbursed to Casa Claire, plus interest due, and was derived by adding the interest due of $91,777 to the total principal of $2,143,300, instead of to the disbursed principal of $1,956,709.86. Casa Claire demanded this excess amount from Metropolitan, but this request was refused, and this lawsuit ensued.

Trial was to a jury, which found that the substitute trustee, McClure, bid $2,235,077 at a valid trustee's sale, that McClure had the apparent authority to make the bid for Metropolitan, that the overbid resulted from a unilateral mistake by Metropolitan, that Casa Claire surrendered possession of the property in reliance on the overbid, but that such reliance did not constitute injury to Casa Claire. The trial court granted plaintiffs' motion to disregard the jury finding that Casa Claire was not damaged by its reliance on the overbid, and then granted judgment on the verdict that Casa Claire recover $200,434.95 from Metropolitan.

Metropolitan appeals by thirty-nine points of error. We find that the trial court incorrectly disregarded the jury finding that Casa Claire was not damaged by its reliance on Metropolitan's overbid. This answer conflicts with the jury finding that Casa Claire would not have surrendered the property except for the overbid, and we consequently reverse and remand for a new trial.

Casa Claire Apartments, a general partnership, and Casa Claire Apartments, Ltd., attempted to construct and operate an apartment complex financed under the National Housing Act, and sponsored by the Department of Housing and Urban Development. The general partnership borrowed $2,143,300 from Home Savings of Dallas County, and executed a deed of trust and deed of trust note to secure payment of the loan. The general partnership subsequently transferred its interest to the limited partnership, and Home Savings sold the note to Metropolitan Savings Bank of Brooklyn, New York, with Home Savings continuing to act as servicing agent.

Payment of interest on the loan became delinquent by over $90,000, and notice was posted on December 11, 1972, of a trustee's sale of the apartments to be held on January 2, 1973. This sale was postponed by an agreement dated January 2, 1973, by which Casa Claire agreed to pay Metropolitan one month's interest plus one month's rental receipts, totaling $13,844.81.

Notice was again posted on January 3, 1973 of a trustee's sale to be held February 6, 1973. Casa Claire offered a postponement agreement identical to the January 2, 1973, agreement, but Metropolitan did not accept this offer. The jury found that Metropolitan did agree to postpone foreclosure if Casa Claire would pay all interest due, and that Casa Claire attempted to pay such interest, but was prohibited from doing so by Clayton Duke of Home Savings at the direction of Richard McIntyre, Vice President in charge of Metropolitan's Mortgage Service Section. The jury finding that Casa Claire would not have attempted to enforce this oral agreement in the absence of the overbid was disregarded by the trial court.

Metropolitan objects to the actions of the trial court in disregarding the jury answers to Special Issues Nos. 11 and 12. Special Issue No. 12 and its answer were as follows:

"SPECIAL ISSUE NO. 12:

"Do you find from a preponderance of the evidence that Casa Claire Apartments, Ltd. was damaged as a result of its reliance, if any you have found, upon the amount bid by Allen McClure on February 6, 1973?

"Answer 'Yes' or 'No'

"ANSWER: NO"

This finding should not have been disregarded by the trial court.

■ Answers to issues may properly be disregarded only if there is no evidence to support the answer, or if the issue is immaterial. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966); *Frost Nat. Bank v. Nicholas and Barrera*, 534 S.W.2d 927 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.); *Strickland Transp. Co., Inc. v. Womack*, 536 S.W.2d 391 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.). This court must look at the evidence in the light most favorable to the verdict to determine if the issues were properly disregarded. *Frost Nat. Bank v. Nicholas and Barrera*, supra; *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Under this standard, we believe that there was some evidence to support the jury finding that Casa Claire was not damaged by its reliance on Metropolitan's overbid. Casa Claire surrendered an unfinished, underleased project of undetermined value that was costing it over $11,000 per month in interest payments alone, and in exchange it was relieved of a debt in excess of $2,000,000 owing to Metropolitan.

Nor do we agree with the trial court that this finding was immaterial. The jury was asked only if McClure had apparent authority to make the overbid on Metropolitan's behalf. As our Supreme Court has said in *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 427 (1953):

> "The doctrine of apparent authority is based on estoppel, and one seeking to charge a principal through the apparent authority of an agent to bind the principal must prove such conduct on the part of the principal as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise."

*Custom Leasing, Inc. v. Texas Bank & T. Co. of ·Dallas*, 516 S.W.2d 138 (Tex.1974). The record before us adequately supports the jury finding that McClure had the apparent authority to bid on Metropolitan's behalf. Richard McIntyre, Vice President in charge of Metropolitan's Mortgage Service Section, testified that he never personally calculated the number to be bid, but that he instructed McClure to get the number from Home Savings.

Since apparent authority is an equitable remedy, Casa Claire must prove that it was damaged by its reliance on such authority before it can recover from Metropolitan. *Rourke v. Garza*, 530 S.W.2d 794 (Tex.1975); *Ybanez v. Anchor Constructors, Inc.*, 489 S.W.2d 730 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); *Insurance Co. of No. America v. Fredonia State Bank*, 469 S.W.2d 248 (Tex.Civ.App.—Tyler 1971, no writ); *Clark Advertising Agency, Inc. v. Tice*, 490 F.2d 834 (5th Cir. 1974). Special Issue No. 12 inquired directly into this issue of damage and was therefore material.

■ In answer to Special Issues Nos. 3 and 4, the jury found that Casa Claire relied on the overbid in surrendering possession of the apartments, and that it would not have surrendered possession in the absence of the overbid. As our Supreme Court stated in *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966), quoting R. McDonald, 4 *Texas Civil Practice* 204 § 17.32 (Rev.1971):

> " '. . . if a finding upon the issue claimed to be immaterial could if made, or does as made, create a fatal conflict with other findings *or otherwise affect the legal significance of the verdict* and hence the judgment to be entered, *the issue is material* and must not be ignored.' " (Emphasis added by Supreme Court)

We believe that the answers to Special Issues Nos. 3 and 4 conflict with the answer to Special Issue No. 12, in which the jury found that Casa Claire was not damaged by its reliance on Metropolitan's overbid, and the trial court improperly disregarded Special Issue No. 12. To reconcile these findings, we would have to assume that the interest in the apartments that Casa Claire surrendered in reliance on the bid was worthless. If Casa Claire's interest had any value, or if the apartments were actually worth more than disbursed principal, plus interest due, then these findings cannot be reconciled. We note that the record does

not reveal the value of the property at the time of the overbid. As was said in *Strickland Transp. Co., Inc. v. Womack,* supra,

"Without deciding whether there is a technically fatal conflict between the jury's findings and answers . . ., we hold that there is at least an apparent inconsistency between these findings . . . ." 536 S.W.2d 391, 395.

The present case discloses at least confusion and apparent inconsistency, and possibly an irreconcilable conflict. Such a conflict cannot be waived by the parties, and "a judgment entered on a verdict containing such a conflict must be set aside." *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985, 991 (1949). When error has been found in the judgment of the trial court both the Court of Civil Appeals and the Supreme Court may remand a case for a new trial when to do so is in the interest of justice. *Scott v. Liebman,* 404 S.W.2d 288, 294 (Tex.1966). The conflict regarding the extent of Casa Claire's injury indicates the necessity for a new trial, and we consequently reverse and remand.

■ For the benefit of the trial court, we will now deal with some of the other issues raised in this appeal. Metropolitan argues that the trustee's sale was void because the property was not sold for cash. We believe this contention is without merit. This sale was held pursuant to public notice, by a trustee appointed and paid by Metropolitan. Texas courts have recognized that it would be "idle ceremony" for a noteholder to pay cash at a sheriff's sale or foreclosure sale, only to have the money immediately returned to him. Crediting the bid against the note has been found to be equivalent to a cash sale. *Blum v. Rogers,* 71 Tex. 668, 678, 9 S.W. 595 (1888); *Thomason v. Pacific Mut. Life Ins. Co.,* 74 S.W.2d 162 (Tex.Civ. App.—El Paso 1934, writ ref'd); *French v. May,* 484 S.W.2d 420 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); *Habitat, Inc. v. McKanna,* 523 S.W.2d 787 (Tex.Civ. App.—Eastland 1974, no writ).

None of these cases involved a bid in excess of the amount owed on the note, but we do not believe this fact by itself should require cash to change hands, when it otherwise would not. Perhaps the party who was to receive the benefit of the excess bid might have some basis upon which to have the sale set aside for failure to pay cash, but the purchaser certainly is in no position to complain of his own failure to pay cash. Metropolitan took possession of the property following the foreclosure sale and was not injured by its own failure to pay cash. On these facts, we see no basis to differentiate this situation from those cases that have held that when a noteholder credits its own bid against the note, this is equivalent to a cash sale. This point is overruled.

Metropolitan also contends in numerous points of error that the evidence will not support the finding that a specific amount was bid at the foreclosure sale. We disagree. The record contains several documents which support the jury finding that McClure bid $2,235,077 on Metropolitan's behalf. A yellow sheet from a legal pad set out the amount of $2,235,077. McClure could not remember if he got this sheet before or after the sale, but he testified that his normal practice was to have a specific number when he went to bid. A deed of the property to Metropolitan and a copy stated the purchase price as $2,235,077. These documents were dated February 6, 1973, the same day as the sale, and the original was delivered to Clayton Duke and was in his files at the time of this lawsuit. A bill from McClure to Metropolitan, dated February 12, 1973, specified the price as $2,235,077. Finally, a letter from McClure to Tom Sands, attorney for Casa Claire, was dated February 22, 1973, and set out a price of $2,235,077. Clayton Duke, who worked for Home Savings at the time of the sale, was the only witness who testified that he remembered the actual circumstances of the trustee's sale. Duke testified that no specific number was bid. The assorted documents in the record support the jury finding that McClure bid the specific amount of $2,235,077, and the jury was not required to accept the unsupported testimony that no specific amount was bid.

We now turn to a consideration of Metropolitan's contention that it is entitled to equitable relief because of the jury finding that the overbid was the result of a unilateral mistake. The two similar cases to which we are referred are not controlling on this issue. In *Whitney v. National Exchange Bank*, 84 F. 377 (Cir.Ct., D.R.I.1897), the dispute was between a foreclosing fourth mortgagee and a fifth mortgagee, where the fourth mortgagee made the mistaken bid. The court held that the agent's lack of authority to make the overbid was clear, and further stated that the fifth mortgagee's interest was of no value at all. The court refused to let the fifth mortgagee use equity to convert this worthless interest into cash at the fourth mortgagee's expense. In *Olmstead v. Melville*, 93 Colo. 567, 27 P.2d 589 (1933), there was no evidence of detrimental reliance, and the evidence established that the property was worth less than the amount bid.

Texas courts have recognized that in certain situations, equity may require rescission of a contract when an incorrect bid has been made because of a unilateral mistake. *James T. Taylor and Son, Inc. v. Arlington Ind. School Dist.*, 160 Tex. 617, 335 S.W.2d 371 (1960); *Jordan v. City of Beaumont*, 337 S.W.2d 115 (Tex.Civ.App.—Beaumont 1960, writ ref'd n. r. e.); *State Highway Commission v. Canion*, 250 S.W.2d 439 (Tex.Civ. App.—Austin 1952, writ ref'd n. r. e.). In *James T. Taylor and Son, Inc. v. Arlington Ind. School Dist.*, supra, a contractor made an addition error and entered a bid that was approximately $100,000 too low. His bid was accepted, and he was awarded the contract to construct the new school building. He informed the school district of the mistake the day after the bid, and before the contract was executed. The school district awarded the contract to the next lowest bidder and subsequently sued Taylor. Our Supreme Court stated that ordinary negligence in making a unilateral mistake would not necessarily bar the granting of relief when conditions of remedial mistake were present. These conditions were identified as:

"(1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake must have been made regardless of the exercise of ordinary care; and (4) the parties can be placed in status quo in the equity sense, i. e., rescission must not result in prejudice to the other party except for the loss of his bargain. *There may be other circumstances which will govern or influence the extension of relief, such as the acts and extent of knowledge of the parties.*" (Emphasis added) 335 S.W.2d 371, 373. The Court held that Taylor's faulty computation of his bid was ordinary negligence, and not "such carelessness or lack of good faith in calculation which violates a positive duty in making up a bid. . . ." 335 S.W.2d 371, 375.

Metropolitan's error in computing its bid was similar to the mistake made by Taylor, but we believe Metropolitan's actions subsequent to the sale were sufficient to transform a simple mathematical mistake into a situation precluding equitable relief.

In situations where Texas courts have granted equitable relief based on bidding mistakes, the bidder has acted promptly to correct his mistake. In *James T. Taylor and Son, Inc. v. Arlington Ind. School Dist.*, supra, notice of the mistake was given the day after the bid was accepted, and before the contract was executed. In *Jordan v. City of Beaumont*, supra, notice was given three days after the bid was made, and four days before the City Council accepted the bid. In *State Highway Commission v. Canion*, supra, notice of the mistake was given the day after the bid was made, and four or five days before the bid was accepted.

In the present case, Metropolitan did not inform Casa Claire that the bid was a mistake until this lawsuit was filed several months after the sale, even though Metropolitan knew of the mistake. McIntyre testified, when asked if he gave notice of the mistake to Casa Claire:

"Q. But even then, you never did get in touch with Mr. Sands or Casa Claire or anyone else?

"A. No, I didn't feel there was any need to.

"Q. You didn't feel what?

"A. That there was any need to.

"Q. You didn't think there was any possibility that they might change their position, relying on that bid and get hurt by doing it?

"A. No, I did not."

During this time, Metropolitan retained possession of the property pursuant to the February 6, 1973, foreclosure sale and eventually resold the property.

We believe that unexplained failure to give notice of its own mistake is one of the "other circumstances" barring equitable relief that our Supreme Court referred to in *James T. Taylor and Son, Inc. v. Arlington Ind. School Dist.*, supra. If a third party had made this mistaken bid, and then sat on his hands for several months until suit was filed, we have no doubt that equity would refuse him relief based on unilateral mistake. We see no reason why Metropolitan should be entitled to different treatment simply because it happens to be the foreclosing mortgagee. Under these circumstances, Metropolitan was not entitled to equitable relief, and the trial court properly refused to enter judgment for Metropolitan based on the finding of unilateral mistake.

█ Metropolitan claims that the overbid was actually a mutual mistake instead of a unilateral mistake, since Casa Claire was charged with the knowledge of its agent, McClure. We overrule this point. McClure was simultaneously performing two roles at the time of the sale. As substitute trustee, he was required to accept the highest bid made. As an agent for Metropolitan, he had at least apparent authority to bid for his principal. Any mistake by McClure was made in his role as agent for Metropolitan, not in his role as trustee.

We reverse and remand this action because we believe that a new trial will be in the interest of justice.

REVERSED and REMANDED.